**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-00639-REB-KMT

PAMELA CASEY,

    Plaintiff,

v.

JOHN E. POTTER, Postmaster General, United States Postal Service,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**Blackburn, J.**

The matter before me is defendant's **Motion To Dismiss** [#10], filed May 28, 2009.  I grant the motion.

## I.  JURISDICTION

I putatively have jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question.)

## II.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and, thus, may only adjudicate claims that the Constitution or Congress have given them authority to hear and determine.  ***Morris v. City of Hobart***, 39 F.3d 1105, 1110 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1960 (1995); ***Fritz***, 223 F.Supp.2d at 1199 (D. Colo. 2002). A motion alleging immunity from suit implicates the court's subject matter jurisdiction and, therefore, is analyzed under Fed.R.Civ.P. 12(b)(1).  ***See Neiberger v. Hawkins***, 150 F.Supp.2d 1118, 1120 (D. Colo. 2001).  A motion to dismiss under Rule 12(b)(1) may consist of

either a facial or a factual attack on the complaint. ***Holt v. United States***, 46 F.3d 1000, 1002 (10th Cir. 1995). Because defendant's motion presents a facial attack, I must accept the allegations of the complaint as true. ***Id***. Plaintiff bears the burden of establishing that subject matter jurisdiction exists. ***Henry v. Office of Thrift Supervision***, 43 F.3d 507, 512 (10th Cir. 1994); ***Fritz v. Colorado***, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002). "'[The] motion must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction.'" ***Fritz***, 223 F.Supp.2d at 1199 (quoting ***Groundhog v. Keeler***, 442 F.2d 674, 677 (10th Cir. 1971)).

### III. ANALYSIS

On July 24, 2007, plaintiff and defendant entered into a settlement agreement to resolve plaintiff's previously-filed EEO complaint. As part of that agreement, plaintiff was to "be placed in a suitable position in Operations Support under Jeff Harris." In addition, all references to disciplinary actions that had been the subject matter of plaintiff's EEO complaint were to be expunged from her personnel file. In return, plaintiff withdrew her EEO complaint.

Soon after plaintiff started in March, 2008, however, she received notice that her position was being downgraded from an EAS-19 to an EAS-17, and her pay reduced accordingly. Subsequent review of her personnel file further revealed that the prior disciplinary actions had not been expunged from her record. Plaintiff filed a "Notice to Director of Breach of Settlement Agreement" with the Office of Federal Operations. This lawsuit followed. Defendant has moved to dismiss, arguing that this court lacks

subject matter jurisdiction over plaintiff's claims because there has been no waiver of sovereign immunity.

The law of this circuit is clear that sovereign immunity precludes an employee from suing to enforce the terms of an EEO settlement agreement.  ***See Lindstrom v. United States***, 510 F.3d 1191, 1194 (10th Cir. 2007).  Instead, applicable regulations prescribe the procedures pursuant to which a federal employee may pursue such a claim:

> If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance.  The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

29 C.F.R. § 1614.504(a); ***see also Lindstrom***, 510 F.3d at 1194 ("The federal government may condition its waiver of sovereign immunity by requiring plaintiffs to follow specific procedures in order to recover.").  Based on the language of the regulations, the Tenth Circuit has held that federal courts lack subject matter jurisdiction over claims to enforce settlement agreements such as that at issue here.  ***Lindstrom***, 510 F.3d at 1194-95.

Acknowledging this precedent, plaintiff disclaims any intent to enforce the settlement agreement, but rather asserts that she is merely seeking reinstatement of her original complaint of discrimination.  Putting aside whether plaintiff has, in fact, requested reinstatement in this lawsuit, pursuant to the clear terms of the regulation,

reinstatement of the complaint is a remedy available exclusively from the agency. This court is not empowered to reinstate plaintiff's complaint. Instead, her remedy in this forum is to pursue the actual claim of discrimination once reinstated by the agency and otherwise properly exhausted.[1]

Accordingly, I find and conclude that there has been no waiver of defendant's sovereign immunity in this instance, and that, therefore, I lack federal subject matter jurisdiction over this case.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion To Dismiss** [#10] filed May 28, 2009, is **GRANTED**;

2. That the Trial Preparation Conference set for May 14, 2010, is **VACATED**;

3. That the trial to the court set to commence May 17, 2010, is **VACATED**; and

2. That plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

Dated August 31, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[1] At the agency level, an employee must elect either to pursue remedies for breach of the settlement agreement or to seek reinstatement of the original complaint of discrimination. *See Alcivar v. Wynne*, 2008 WL 647504 at *4 (10th Cir. March 10, 2008.) Although no copy of plaintiff's notification to the agency is included in the record, the fact that the document was entitled "Notice to Director of Breach of Settlement Agreement" plainly supports defendant's suggestion that plaintiff did not seek reinstatement at the agency level.

[2] In her response to the motion, plaintiff requests attorney fees that she incurred in "needlessly" responding to the motion. My resolution of the motion to dismiss undermines the substantive basis of plaintiff's request, which is procedurally deficient in any event. *See* **D.C.COLO.LCivR** 7.1(C) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper.").